[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: STATE'S MOTION FOR JOINDER OF DEFENDANTS FOR TRIAL AND DEFENDANTS' OBJECTIONS TO JOINDER
By motion dated October 22, 2002 the state, pursuant to Section 41-19 of the Practice Book, moved to join the above entitled matters for trial. Objections were filed by both defendants and heard by the court on November 20, 2002.
BACKGROUND
Both Richard Straub (henceforth, "Richard") and his bother, Roland Straub (henceforth, "Roland"), stand charged with similar crimes in connection with an alleged plot involving the bribery of authorities and the attempted escape of Richard. Additionally, Richard stands charged with the attempted murder of a prosecutor.
In support of its motion for joinder the state claims that essentially the same evidence would be offered at trial against each defendant as co-conspirators in connection with the bribery and attempted escape charges. In connection with the attempted murder charge, evidence would be offered only against Richard in such a manner as to make clear that Roland had no responsibility for the alleged crime and no unfavorable inferences could be drawn against him.
The defendant, Richard, objects arguing that the defenses to be offered by the defendants are so antagonistic as to be irreconcilable and mutually exclusive; that certain hearsay statements of Roland would be offered through his expert in the course of attesting to his opinion at the joint trial which would otherwise be inadmissable at Richard's trial to the prejudice of Richard; and that evidence offered by the state only against Roland at the joint trial would otherwise be inadmissable at Richard's trial to the further detriment of Richard. CT Page 15287
The defendant, Roland, argues, in addition to the objections of Richard, that the vast majority of the state's evidence will be offered against Richard and will be of a sensational and inflammatory nature tainting the case against Roland through guilt by association; and, that the state's evidence against Richard at a joint trial on the charge of attempted murder would not otherwise be admissible at a separate trial of Roland, all to his prejudice.
LAW AND ANALYSIS
"We have long held that `[w]hether to consolidate or sever the trials of defendants involved in the same criminal incident lies within the sound discretion of the trial court. (Citations omitted.) Ordinarily justice is better subserved where the parties are tired together. (Citation omitted.) Joint trials of persons jointly indicted or informed against are the rule, and separate trials the exception resting in the discretion of the court. (Citation omitted.) A separate trial will be ordered where the defenses of the accused are antagonistic, or evidence will be introduced against one which will not be admissible against others, and it clearly appears that a joint trial will probably be prejudicial to the rights of one or more of the accused. The test for thetrial court is whether substantial injustice is likely to result unless aseparate trial be accorded. (Citation omitted. Emphasis added.) [T]he phrase prejudicial to the rights of the parties means something more than that a joint trial will probably be less advantageous to the accused than separate trials. (Citation omitted.) In the determination of whether substantial injustice is likely to result from a joint trial or whether such injustice has in fact resulted, an important factor to consider is whether the defenses of the codefendant[s] are incompatible and completely antagonistic to each other. (Citations omitted.)" State v.White 229 Conn. 125, 158-159 (1994).
In support of its claim of antagonistic defenses Richard argues as follows: To establish the attempt to commit murder the state has the burden of proving the element of specific intent to kill; To negate the element of specific intent the defense intends to produce expert testimony regarding the defendant's allegedly weakened mental state at the time of the crime (that he was physically weak, sickly, depressed, fearful of his surroundings, etc.) and to suggest that certain statements made to a prison informant were simply "puffing" with a view towards self-preservation; Roland, in his defense, intends to offer evidence of duress by way of expert testimony regarding his manipulation at the hands of Richard who was, the expert will allegedly testify, in full control of his faculties at the time of the manipulation and who had manipulated Roland all his life. Richard concludes that a fact finder could CT Page 15288 reasonably accept the core defense offered by Roland only if it rejects Richard's claim of exhibiting a weakened mental state at the time of the crime so as to negate specific intent. Additionally, Richard claims his alternative defense of entrapment would be compromised if the fact finder determined that Richard did not possess a weakened mental state that made him susceptible to the government's effort to induce criminal conduct.
"When . . . the jury can reasonably accept the core of the defense offered by either defendant only if it rejects the core of the defense offered by his codefendant, the defenses are sufficiently antagonistic to mandate separate trials." (Citations omitted. Internal quotation marks omitted.) "To compel severance the defenses must be antagonistic to the point of being irreconcilable and mutually exclusive. . . . Such compelling prejudice does not arise where the conflict concerns any minor or peripheral maters which are not at the core of the defense." (Citations omitted. Internal quotation marks omitted.) State v. Booth, 250 Conn. 611,621 (1999).
In the case at bar Roland's claim of duress in connection with the bribery and attempted escape charges and Richard's alleged lack of specific intent or weakened mental state in connection with the attempted murder are neither irreconcilable nor mutually exclusive. Even assuming some foundation for Roland's expert to be attesting to Richard's mental state at any given time, and further assuming the relevance of such testimony; there is, in fact, no element of any required mental state on the part of the manipulator in connection with Roland's claim of duress pursuant to Section 53a-14 of the General Statutes nor on the part of the subject of an entrapment pursuant to Section 53a-15. Furthermore, Richard's mental state at the time of the alleged attempted murder and entrapment is not necessarily his mental state at the time of Roland's allegations constituting duress. How the jury would view one defense in the context of another is simply a matter of speculation. Any such concern could be remedied by appropriate instructions of the court keeping consideration of the charges by the jury separate.
"Differing trial strategies are not enough to render the defenses incompatible and completely antagonistic, thus necessitating separate trials. (Citation omitted.) . . . `The mere presence of hostility among defendants or the desire of one to exculpate himself by inculpating the other does not generate the kind of prejudice that mandates severance.'" (Citations omitted.) State v. Booth, supra, 250 Conn. 624.
Richard's additional claims of potential prejudice as a result of Roland's expert attesting to statements made to him by Roland and evidence to be offered only against Roland, all of which would otherwise CT Page 15289 be inadmissable in a separate trial of Richard, simply constitute speculation without foundation since no offer of information was made at the hearing with respect to the nature of the statements and evidence or the substance of the prejudice to Richard. State v. Booth, supra,250 Conn. 621.
Roland argues for severance because of his concern over being tried with his brother who is additionally charged with the attempted murder of a prosecutor. He claims the majority of the state's evidence will be offered against Richard and will be of a sensational and inflammatory nature and would otherwise be inadmissable in a separate trial of Roland.
While no Boscarino type of analysis was offered by Roland with respect to the charges against both brothers versus the additional charge against Richard and the potential prejudice to Roland, it appears to this court that the charge of attempted murder against Richard involves a discrete, easily distinguishable factual scenario; could hardly be classified as violent or brutal since it involved only the preliminary stages of the plot, though the prospect of what was allegedly intended was certainly shocking; and no evidence was offered one way or the other with respect the duration and complexity of the trial. There is no reason to believe that appropriate instructions by the court would not be sufficient to insure the separate consideration of this charge against Richard only, particularly given the state s assurance to address the lack of culpability of Roland with respect to this charge.
"The jury [is] presumed to follow the court's directions in the absence of a clear indication to the contrary." (Citations omitted.) "The rule that juries are presumed to follow their instructions is a pragmatic one, rooted less in the absolute certitude that the presumption is true than in the belief that it represents a reasonable practical accommodation of the interests of the state and the defendant in the criminal justice process." Richardson v. Marsh, 481 U.S. 200, 211
(1987).
CONCLUSION
"A joint trial "expedites the administration of justice, reduces the congestion of trial dockets, conserves judicial time, lessens the burden upon citizens who must sacrifice both time and money to serve upon juries, and avoids the necessity of recalling witnesses who would otherwise be called to testify only once.' (Citations omitted.) "[W]here proof of the charges against the defendants is dependent upon the same evidence and alleged acts severance should not be granted except for the CT Page 15290 most cogent reasons.' (Citation omitted.)" State v. Booth, supra,250 Conn. 622.
This court is satisfied based on the information offered at the hearing that the claims of both Richard and Roland are entirely insufficient to constitute the kind of substantial prejudice warranting severance, though this court recognizes that as the trial develops a trial court could subsequently determine that injustice would result from continued joinder of cases.
The state's Motion For Joinder is Granted. The defendants objections are Denied without prejudice.
 ____________________________ Fasano, J.
CT Page 15291